DAVID HOAG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hoag v. Commissioner of IRS
Docket No. 21578-90
United States Tax Court
T.C. Memo 1991-606; 1991 Tax Ct. Memo LEXIS 653; 62 T.C.M. (CCH) 1409; T.C.M. (RIA) 91606; December 9, 1991, Filed *653 Decision will be entered for the respondent. David Hoag, pro se. Gregory Arnold, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) (3) of the Code [1] and Rule 180 et seq. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1987 in the amount of $ 784, plus additions to tax under section 6653(a)(1)(A) in the amount of $ 10, and section 6653(a)(1)(B) in the amount of 50 percent due on the underpayment attributable to negligence. The issues to be decided are: 1) The amount of a State tax refund includable in income; 2) whether a distribution from a pension plan is includable in income; and 3) whether petitioner is liable for the additions to tax for negligence. Some of the facts have been stipulated *654 and are so found. The stipulation of facts, supplemental stipulation of facts, and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein petitioner resided in Tujunga, California. Petitioner bears the burden of proving respondent's determinations to be erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933). State Tax Refund
Respondent contends that petitioner has failed to report $ 676 of State income tax refund on his 1987 return. Petitioner's 1986 California Form 540, Resident Personal Income Tax Return, shows an overpayment of $ 674. From this amount, petitioner voluntarily designated contributions to a political party ($ 25) [2] and two charities ($ 75), resulting in a claimed refund of $ 574. Respondent's Underreporter Transcript indicates a State income tax refund from 1986 of $ 676. A Form 1099-G, issued by the State of California Franchise Tax Board, shows a 1986 tax refund in 1987 of $ 614. Petitioner, in an exhibit to his petition, indicates that he did receive a State income tax refund, but only in the amount of $ 574. [3] Petitioner also testified that he deducted State income *655 tax on his 1986 Federal return. It is clear that a recovery of taxes for which a deduction was allowed in an earlier year must be included in the year received, except to the extent the earlier deduction did not result in a tax benefit. Sec. 111. See also Tracy v. Commissioner, T.C. Memo 1985-40. Although there is confusion as to which figure properly represents petitioner's State income tax refund from 1986, there *656 is no question that petitioner failed to report the State refund on his 1987 return. We will accept the $ 614 figure, as reported on the California Form 1099-G, as being most reliable. [4] Accordingly, we hold that petitioner failed to report $ 614 of State tax refund in 1987. Pension Distribution
Petitioner has been employed for several years in the publishing industry. Petitioner formerly worked in Hawaii for Rainbow Publications, Inc. (Rainbow), in 1985. Sometime during 1985, petitioner left Rainbow to work for California Real Estate Magazine, a subsidiary of California Association of Realtors (CAR). In October 1987, petitioner received two checks totaling $ 2,110 from Rainbow. Respondent contends that this amount represents taxable proceeds from Rainbow's pension plan, which petitioner failed to report in 1987. Petitioner *657 does not dispute that he received these checks from Rainbow, but contends that he made deductible contributions or rollovers to another plan. Petitioner testified that he deposited the Rainbow checks in his personal savings account and did not withdraw any sums therefrom to make a rollover contribution to another bona fide pension plan. The general rule provides that pension distributions are taxable. See sec. 61(a)(11), sec. 1.61-11(a), Income Tax Regs. Petitioner contends that since he had over-contributed to his CAR pension plan in 1987, that it was proper to exclude the $ 2,110 from income. Under certain circumstances, a distribution may be excluded from gross income if it is "rolled over" and deposited to another qualified pension plan. See generally, sections 402(a)(5) and 408(d)(3). One of the requirements for excluding a rollover contribution is that it must be made within 60 days of receipt of the distribution. Secs. 402(a)(5)(C) and 408(d)(3)(A)(ii). Since no evidence was submitted to show that the $ 2,110 had been timely deposited into a qualified retirement plan, petitioner has failed to carry his burden. During 1987, contributions were made by petitioner to *658 the CAR Retirement Savings Plan for $ 1,936.34 (a qualified section 401(k) plan, as reflected on petitioner's Form W-2). In addition, petitioner made contributions in 1987 to the CAR Money Purchase Pension Plan for $ 445.39. The details of this plan were not presented to the Court, and we are not aware of the tax ramifications of those contributions (i.e. pre-tax, deductible, etc.). Other than petitioner's testimony, there is no evidence to prove that he contributed more than required, in what amount, or at what time. Accordingly, we hold that petitioner failed to report in income $ 2,110 of pension proceeds in 1987. Section 6653(a)
Respondent determined additions to tax for negligence for 1987. Section 6653(a)(1)(A) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an addition to tax if 50 percent of the interest due on that portion of an underpayment is attributable to negligence. Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). *659 Petitioner bears the burden of showing respondent's determinations to be erroneous. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Rule 142(a). At trial, petitioner conceded that he was negligent regarding the failure to report the State income tax refund on his 1987 return. Turning to the pension distribution, we also find that petitioner was negligent in failing to report this amount in income. Although petitioner testified that he was generally confused, we note that petitioner exhibited an above-average understanding of Tax Court proceedings, possesses an undergraduate and graduate degree, and has taken several business law courses. It would have been a simple matter to have determined that the pension proceeds were properly includable in income, in 1987. Accordingly, we hold for respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. A political party dos not qualify as a charitable donee. See sec. 1.170A-1(h)(5)(ii), Income Tax Regs.↩
3. The fact that petitioner contributed a portion of this refund does not reduce the amount of refund includible in gross income. Unfortunately, petitioner filed a Form 1040EZ for 1987, which does not permit the claiming of charitable contributions or itemized deductions. Moreover, the standard deduction is built into the tax tables used in connection with the Form 1040EZ, and there is no evidence that petitioner had other itemized deductions to exceed the standard deduction.↩
4. Petitioners's California return for 1986 reflects a claimed renter's credit of $ 60. It is possible that this credit was denied, thus reducing the claimed refund from $ 674 to $ 614.↩